UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROLAND STEVENS,

       Plaintiff,

                                  CASE NO. 14-11401
v.                               HONORABLE GERALD E. ROSEN

MICHAEL J. McCARTHY,

       Defendant.
_____/

## ORDER DISMISSING THE COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g)

This is a *pro se* civil rights case under 42 U.S.C. § 1983. Plaintiff Roland Stevens is a state prisoner at Saginaw Correctional Facility in Freeland, Michigan. The sole defendant is Michael J. McCarthy, an attorney from Redford, Michigan. The complaint alleges that defendant McCarthy was appointed to represent Plaintiff on appeal from Plaintiff's conviction in 2013. Plaintiff contends that Defendant failed to seek his input and deprived him of his constitutional right to effective assistance of appellate counsel.

Plaintiff did not prepay the filing fee for his complaint. Instead, he filed an application to proceed without prepayment of the fees and costs for this action. On receipt of the complaint and financial application, the Court reviewed Plaintiff's litigation history and determined that three of Plaintiff's previous lawsuits were dismissed as frivolous or for failure to state a claim.[1] Under the "three strikes" provision of the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321-66 (1996), a prisoner may not bring a civil action without prepayment of the

---

[1] *See Stevens v. Leithauser*, No. 2:14-cv-11132 (E.D. Mich. Mar. 26, 2014); *Stevens v. Glanda*, No. 2:14-cv-10905 (E.D. Mich. Mar. 10, 2014); *Stevens v. Michigan Dep't of Corr.*, No. 2:13-cv-00354 (W.D. Mich. Dec. 2, 2013).

filing fee "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Given this statutory provision and Plaintiff's three prior dismissals, the Court ordered him on April 18, 2014, to prepay the filing fee for this action or to show cause why his case should not be dismissed under § 1915(g).

On May 1, 2014, Plaintiff filed a timely response to the Court's order. Although he claims that he did not receive notice of the dismissal of his complaint in *Stevens v. Glanda*, No. 2:14-cv-10905 (E.D. Mich. Mar. 10, 2014), he concedes that a dismissal of that case would mean his three previous cases were dismissed as frivolous or for failure to state a claim. As for whether he should prepay the filing fee or have this case dismissed, Plaintiff alleges that he is indigent and that he has presented the Court with a legitimate complaint concerning the denial of his constitutional right to effective assistance of counsel.

The Court has re-confirmed that three of Plaintiff's previous cases were dismissed as frivolous or for failure to state a claim before Plaintiff filed the complaint in this case. Moreover, the only exception to the "three strikes" rule of § 1915(g) is "imminent danger of serious physical injury." Plaintiff has not alleged that he is under imminent danger of serious physical injury, and he has not prepaid the filing fee for this action.

Accordingly,

IT IS ORDERED that the complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g).

        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated: May 12, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 12, 2014, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager, (313) 234-5135